EXHIBIT 1

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

*Circuit Court*
*Greenbrier Co., W. VA.*
*Filed*
2013 AUG 27  PM 1: 52

STEVE R. MARTIN,
    Plaintiff,

v.

                                 Civil Action No: 13·C·181

MEADWESTVACO CORPORATION,
    Defendant.

A True Copy:
ATTEST:

*Lauronne Arbuckle*
Clerk, Circuit Court
Greenbrier County, WV

By *Melissa A. McCoy*
                         Deputy

## COMPLAINT

(1)  Steve R. Martin, at all times relevant to this Complaint, operated a small logging company d/b/a Martin Logging.  Steve R. Martin was the owner and sole employee and both he and his company are residents of the State of West Virginia.

(2)  For more than a decade, Steve R. Martin has cut and delivered timber and logs to MeadWestvaco Corporation [Westvaco] at its paper mill plant just across the West Virginia border in Covington, Virginia.

(3)  Westvaco is a Commonwealth of Virginia corporation with its principal offices in Richmond, Virginia.  Westvaco has physical facilities and business operations in Greenbrier County, West Virginia and regularly contracts with West Virginia loggers for the purposes of cutting and delivering qualifying logs to Westvaco's paper mill operations in Covington, Virginia.

(4)  Westvaco issues authorization cards to West Virginia loggers and others permitting and allowing West Virginia loggers to enter upon Westvaco's premises in Covington, Virginia for the purposes of delivering timber and logs, cut and processed in the State of West Virginia for delivery to Westvaco's paper mill facilities.

1

(5)   Westvaco has identified a registered agent for service of process in the State of West Virginia, namely, CT Corporation System, 5400-D, Big Tyler Road, Charleston, West Virginia 25313.

(6)   On the night of September 17, 2011, Steve R. Martin delivered a load of logs and timber he had cut that day in Greenbrier County, West Virginia to Westvaco's Covington, Virginia paper mill.

(7)   Steve R. Martin's truck and load were weighed, and a weigh bill issued, and he drove his truck, with its load, to the concrete unloading pad.

(8)   Steve R. Martin parked his vehicle in the designated location and exited his truck.

(9)   Steve R. Martin unchained his load and moved away from his truck, 25-50 feet behind its rear.  Steve R. Martin had on all required safety gear, including a hard hat and safety glasses.

(10)  Westvaco did not make use of a loader helper.  The practice and procedure at this location was that the trucker would assist the loader operator by hand signals for the purposes of having a L-90 Lumberjack Grappler use its grapples to remove the timber and logs from the truck bed and transport the timber and logs to the debarker or to the area where the logs were being stored.

(11)  On this occasion, the Lumberjack Grappler operator, when removing the timber and logs from Mr. Martin's truck bed, also grabbed two of the steel standards used to keep the load within the truck bed.  Both standards, or stakes, were caught up in the load, by then elevated over the ground.

(12)  These metal standards or stakes must be removed from the load before processing at the debarker.

(13) The typical practice and procedure at this facility when steel standards or stakes were entangled in the load was that the load would be held in place, just above the ground, and the truck driver, while the load was being held in place, would remove the metal stakes or standards by hand.

(14) Depending on the location of the metal stakes or standards, the location of the man attempting to free the stakes is not visible to the loader operator.

(15) Steve R. Martin signaled the loader operator that the stakes were caught up in the load. Steve R. Martin received the verbal assurance from the operator that the load would be stationary and would not be further moved while he attempted to dislodge the metal stakes or standards.

(16) Steve R. Martin was able to remove one of the metal stakes or standards while the load was 3-4 feet off the ground.

(17) The loader operator, before assuring that Steve R. Martin was clear, began to move the load while Steve R. Martin was still in contact with the Grappler and the load, striking him in the head and entrapping his arm and shoulder between the logs.

(18) Steve R. Martin suffered and sustained catastrophic injuries, including a traumatic brain injury; partial traumatic amputation of his ear; permanent hearing loss; cranial nerve damage which affects extremity function and eyesight; and has permanently and totally disabled him from gainful employment for which he is qualified by age, training, experience and education.

## NEGLIGENCE

(19) Steve R. Martin charges that Westvaco, by and through the actions of its officers, managers and employees, was negligent in the practices and procedures utilized by its

employees in unloading logging and timber trucks at its facilities and that that negligence proximately caused catastrophic injury to Steve R. Martin.

(20) The specific acts of negligence by Westvaco included:

(a) Occupational Safety and Health Administration Rules and Procedures prohibit an employer from utilizing procedures that permits or allows a person to walk or work underneath a suspended load;

(b) The employees of Westvaco negligently and carelessly moved a suspended load before assuring that Steve R. Martin was clear of the zone of danger;

(c) The Lumbarjack Grappler utilized the night of Steve R. Martin's injury was unsafe because of defective brakes that prevented the operator from preventing movement of the loader while the load was suspended above ground and Steve R. Martin was in contact with the load; and

(d) The absence of a ground helper and the "blind spots" for the loader operator made it impossible and impracticable for the facility to comply with its duty to make sure that everyone is in the clear before moving or grappling a load.

(21) Steve R. Martin invokes the Doctrine of *Respondeat Superior* and charges that all acts of negligence as aforesaid committed by officers, managers and employees of Westvaco are chargeable to it.

(22) As a direct and proximate result of Westvaco's negligence as aforesaid, Steve R. Martin suffered and sustained permanently debilitating injury and harm, including a traumatic brain injury; cranial nerve injuries; a partial traumatic amputation of his ear; permanent hearing loss; permanent vision disturbance; and impaired function of his lower extremities due to nerve injuries. These severe and permanently debilitating injuries have and will continue to

4

cause Steve R. Martin great pain, suffering, mental anguish and emotional distress; have and will continue to necessitate the expenditure of significant sums of money for his medical care and treatment, such sums already exceeding $400,000.00; have and will continue to cause him to undergo invasive, painful and expensive surgical procedures in the future at a projected cost of $100,000.00; have and will continue to cause him to experience a loss of physical function and loss of enjoyment of his regular and routine recreational and vocational activities; have and will continue to cause him lost earnings and lost wages and has permanently impaired his earnings capacity at a projected cost of greater than one million dollars; and have and will continue to cause him to experience permanent physical impairment as rated by the American Medical Association's *Guide to Permanent Impairment.*

**WHEREFORE,** Steve R. Martin demands a judgment in compensatory damages in an amount that fully and fairly compensates him for all aspects of his injuries, past, present and future; an award of pre-judgment and post-judgment interest on all special damages; statutory attorneys' fees and costs; and such other relief to which he may be entitled.

A JURY TRIAL IS DEMANDED.

**STEVE R. MARTIN**

BY: WILLS LAW OFFICE
**and** SANDERS, AUSTIN, FLANIGAN
& FLANIGAN

MARK E. WILLS, ESQ.
WV STATE BAR ID NO: 4074
1617 North Walker Street
Princeton, WV 24740
(304) 487-6181

WILLIAM FLANIGAN, ESQ.
WV STATE BAR ID NO:  1217
320 Courthouse Road
Princeton, WV  24740
(304) 425-7822
*Counsel for Plaintiff*

Circuit Court
Greenbrier Co., W. VA
Filed
2013 AUG 27 PM 1:52

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

STEVE R. MARTIN,
    Plaintiff,

v.                                          Civil Action No: 13-C-181

MEADWESTVACO CORPORATION,                              (R)
    Defendant.

## INTERROGATORIES

The plaintiff, Steve R. Martin, requests ANSWERS to the following Interrogatories from the defendant within forty-five (45) days after the service hereof, pursuant to the authority granted under W. Va. R. Civ. P. 33.

## INSTRUCTIONS

In accordance with the applicable West Virginia Rules of Civil Procedure, the defendant is under a continuing obligation to update and supplement its Answers to these Interrogatories to the extent specified in W. Va. R. Civ. P. 26(e), when and if further information comes into its possession following the submission of its initial Answers. Where these Interrogatories request copies of various contracts, documents, reports, memorandums, photographs or correspondence, please regard that request as being made under the authority of W. Va. R. Civ. P. 34. This method of discovery will serve the dual interests of economy and convenience by dispensing with the need for follow-up requests. All terms used in these Interrogatories should be given their common, everyday meaning in light of the context in which they are used. If a specific Interrogatory is susceptible to more than one meaning, please answer anyway, indicating therein how you interpreted the question.

1

## INTERROGATORIES

(1)  Were there any company-issued safety rules or regulations in force and effect on September 17, 2011 at Meadwestvaco Corporation's Covington, Virginia plant regulating the unloading of timber or logging trucks?  If so, please provide the following:

a.  copies of any and all written safety rules, regulations or standards in force and effect; and

b.  the identify, by name, address and job title, of the Meadwestvaco Corporation employee responsible for ensuring compliance with these safety rules, regulations or standards on September 17, 2011.

(2)  Did Meadwestvaco Corporation have video surveillance cameras operating on September 17, 2011 at its facilities in Covington, Virginia that captured the images of Steve R. Martin, or his truck, at any point in time upon which it entered the premises and property of Meadwestvaco Corporation up to and including the incident in which he received injury?  If so, please provide the following:

a. a legible copy of any video responsive to this Interrogatory; and

b. the identity of the custodian of the video by name, address and job title.

(3)  Does Meadwestvaco Corporation utilize any videos, training manuals, written materials, pamphlets and/or brochures to educate and train contractors delivering timber and logs to its facilities regarding company procedures and policies relating to unloading the timber and logs?  If so, please produce a legible copy of all such videos, training manuals, written materials, pamphlets and/or brochures.

(4)  Please identify by name, address and job title each employee of Meadwestvaco Corporation who was present on the night of September 17, 2011 who witnessed or observed any part of the incident in which Steve R. Martin was injured.

(5)  Please identify by name, address and job title the employees of Meadwestvaco Corporation who were operating the loaders and grapplers at the delivery pad on September 17, 2011, including the name, address and job title of the operator manning the machine that was unloading the logs and timber from Steve R. Martin's truck at the time of his injury.

3

(6)  Please identify by name, address and job title the individual or individuals who hold supervisory roles relating to the safety as of September 17, 2011 at Meadwestvaco Corporation's facilities in Covington, Virginia.

(7)  Was there any physical evidence retained by Meadwestvaco Corporation, or any investigators, insurance adjusters, employees, officers or managers that was gathered and preserved on September 17, 2011 relating to the incident in which Steve R. Martin was injured?  If so, please describe the physical evidence and identify the custodian of the evidence by name, address and job title.

(8)  Identify non-Meadwestvaco Corporation employees who were present and/or observed any part of the incident in which Steve R. Martin was injured by name, address and phone number.

(9)   Were there any written contracts, memorandums, letters of understanding and/or agreements in force and effect between Meadwestvaco Corporation and Steve R. Martin d/b/a Martin Logging on September 17, 2011?   If so, please produce a legible copy of all such contracts, memorandums, letters of understanding and/or agreements.

(10) Has Meadwestvaco Corporation changed, altered or modified any of its unloading practices or procedures at its Covington, Virginia facilities following the injuries to Steve R. Martin?   If so, please produce a legible copy of any such policies, procedures, amendments, modifications and/or alterations.

(11) Does Meadwestvaco Corporation issue Identification Cards, Authorization Cards or some other method of identification that permits ingress and egress to its facilities in Covington, Virginia for the purposes of delivering logs and timber?   If so, please produce a legible copy of any such documents that pertain to Steve R. Martin d/b/a Martin Logging.

(12) Were there any photographs or videos made of the scene of Steve R. Martin's injury on September 17, 2011 by Meadwestvaco Corporation, its officers, employees, agents, representatives, investigators and/or insurers?  If so, please produce a legible copy of all such photographs and videos.

(13) With respect to the Lumberjack/Loader/Grappler being used by the operator at the time of Steve R. Martin's injury, please provide the following:

a. maintenance records from May 1, 2011 through December 31, 2011;

b. daily operator inspection reports from May 1, 2011 through December 31, 2011; and

c. copies of any invoices, work sheets, computer file entries, emails and/or text messages that pertain to repairs, inspections or parts ordered for this machine from May 1, 2011 through December 31, 2011.

(14) Were there any statements attributable to Steve R. Martin at the scene taken by Meadwestvaco Corporation, its officers, employees, agents, representatives, investigators and/or insuers?  If so, please provide a summary of any such oral statement and a copy of any such written statement.

(15) Was Meadwestvaco Corporation covered by a liability insurance policy or policies protecting it against claims made by third parties injured on their premises in force and effect as of September 17, 2011? If so, identify the insurance carrier or carriers by name and address; produce a legible copy of the Declaration Page of all such policies; and specify the liability limits available under each such Policy.

(16) Please produce a legible copy of OSHA's Form 300, Log of Worker Related Injuries and Illnesses, for Meadwestvaco Corporation's Covington, Virginia operations for the reporting years of 2010, 2011 and 2012.

(17) Please produce a legible copy of OSHA's Form 300A, Injury and Illness Incident Report, for Meadwestvaco Corporation's Covington, Virginia operations for the reporting years of 2010, 2011 and 2012.

STEVE R. MARTIN

BY:  WILLS LAW OFFICE
**and** SANDERS, AUSTIN, FLANIGAN
      & FLANIGAN

_Mark E. Wills_

MARK E. WILLS, ESQ.
WV STATE BAR ID NO:  4074
1617 North Walker Street
Princeton, WV  24740
(304) 487-6181
WILLIAM FLANIGAN, ESQ.
WV STATE BAR ID NO:  1217
320 Courthouse Road
Princeton, WV  24740
(304) 425-7822
*Counsel for Plaintiff*

8

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

*Circuit Court*
*Greenbrier Co., W. VA.*
*2013 AUG 27  PM 1:51*

STEVE R. MARTIN,
    Plaintiff,

v.
                                   Civil Action No: 13-C-181

MEADWESTVACO CORPORATION,
    Defendant.

## MEMORANDUM TO THE CLERK

    The Clerk will please institute this action, which is a suit seeking compensatory damages, and issue a Summons and Complaint in the name ofMeadwestvaco Corporation, whose principal place of business is Richmond, Virginia.  The Summons, Complaint and attached Interrogatories should be transmitted to the Secretary of State of the State of West Virginia for service upon this defendant in accordance with West Virginia's Long Arm statute at its registered agent for service, namely,**Meadwestvaco Corporation, c/o CT Corporation System, 5400-D Big Tyler Road, Charleston, West Virginia 25313.**  The Summons should notify Meadwestvaco that it has thirty [30] days within which to answer the Complaint or relief by default judgment will be taken against it.

    We have enclosed the required Civil Case Information Sheet, together with a check in the amount of $155.00 to cover the institution fee; a check in the amount of $20.00 to cover the Secretary of State's service fee; and a check in the amount of $5.00 to cover the Clerk's mailing of the documents to the Secretary of State for service.

    Your cooperation and assistance is greatly appreciated.

    Respectfully submitted this the 27th day of August, 2013.

1

WILLS LAW OFFICE
**and**
SANDERS, AUSTIN, FLANIGAN
& FLANIGAN

*Mark E. Wills*

MARK E. WILLS, ESQ.
WV STATE BAR ID NO:  4074
1617 North Walker Street
Princeton, WV  24740
(304) 487-6181
WILLIAM FLANIGAN, ESQ.
WV STATE BAR ID NO:  1217
320 Courthouse Road
Princeton, WV  24740
(304) 425-7822
*Counsel for Plaintiff*

2

## CIVIL CASE INFORMATION STATEMENT---CIVIL CASES
### In the Circuit Court, Greenbrier County, West Virginia

I.  CASE STYLE:

Civil Action No: _____ 2013 AUG 27 PM 1:52

Judge: _____

*Circuit Court Greenbrier Co., W. VA. Filed*

PLAINTIFF(S):
STEVE R. MARTIN
c/o Mark E. Wills, Esq.
1617 North Walker Street
Princeton, WV 24740

v.

DEFENDANT(S):
Meadwestvaco Corporation
c/o CT Corporation System
5400-D Big Tyler Road
Charleston, West Virginia 25313

Days to Answer
30

Type of Service
Secretary of State

II.  TYPE OF CASE:
   TORTS                OTHER CIVIL
   Personal Injury

III.  JURY DEMAND: ___X__ Yes _____ No
   Case Will Be Ready For Trial By (Month/Year): __06/14__

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE
     SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE:
     ____ Yes __X__ No        If YES, please specify:
     ____ Wheelchair accessible hearing room and other facilities
     ____ Interpreter or other auxiliary aid for the hearing impaired
     ____ Reader or other auxiliary aid for the visually impaired
     ____ Spokesperson or other auxiliary aid for the speech impaired
     ____ Other: _____

MARK E. WILLS, ESQ. (#4074)
c/o Wills Law Office
1617 North Walker Street
Princeton, West Virginia 24740
(304) 487-6181
Dated: August 26, 2013

Representing:  __X__ Plaintiff(s)  ____ Defendant(s)

____ Cross-Complaint
____ Cross-Defendant

*Mark E. Wills*
Signature

# SUMMONS

## Circuit Court of Greenbrier County, West Virginia

STEVE R. MARTIN,

Plaintiff,

v.                                                          Civil Action No: _____

MEADWESTVACO CORPORATION,

Defendant.

To the above-named Defendant(s):   **MEADWESTVACO CORPORATION**
**c/o CT Corporation System**
**5400-D Big Tyler Road**
**Charleston, West Virginia  25313**

 **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon SANDERS, AUSTIN, FLANIGAN & FLANIGAN, plaintiff's attorney, whose address is 320 Courthouse Road, Princeton, West Virginia 24740, an Answer, including any related counterclaim you may have, to the COMPLAINT filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your Answer within **30 days** after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.  Answers to the attached Interrogatories are due within forty-five [45] days of the date of service upon you.

DATED: *Mark E. Wills*
MARK E. WILLS, ESQ. (WV Bar #4074)
c/o WILLS LAW OFFICE
1617 North Walker Street
Princeton, West Virginia  24740
(304) 487-6181
ATTORNEYS FOR PLAINTIFF(S)

Clerk of the Circuit Court of
Greenbrier County, WV

BY:_____
      Deputy

OFFICE OF THE CIRCUIT CLERK                    Receipt #:   56114
GREENBRIER
200 NORTH COURT STREET
LEWISBURG                               Date Received: 08/29/13

                                                    160.00
Received From: MARK WILLS LAW FIRM

                                          STEVE R. MARTIN
                Style of Case                 vs.
                                          MEADWESTVACO CORPORATION

                                          Case #:   13-C-181

In Payment of FILING FEES
By Check      9039 & 9041

                                          LOUVONNE ARBUCKLE
                                    Clerk of the Circuit Court

                                By _____

EXHIBIT 2

ASE 13-C-181          GREENBRIER

TEVE R. MARTIN              vs. MEADWESTVACO CORPORATION


INE   DATE    ACTION

  1 08/27/13   COMPLAINT FILED - SUMMONS ISSUED
  2 08/29/13   DEPOSIT - MARK WILLS $160.00
  3             WV SECRETARY OF STATE (PD DIRECT $20.00)
  4 09/03/13    MEADWESTVACO (SEC. OF ST. ACCPT. SERV. FOR)
  5 09/05/13   NOTIFICATION FROM WV SEC. OF STATE, GREEN CARD SIGNED BY ???
  6              ON BEHALF OF MEADWESTVACO

A True Copy:
ATTEST:

_Louronne Arbuckle_
Clerk, Circuit Court
Greenbrier County, WV

By_____
                         Deputy

| | |
|---|---|
| Civil Action Number | 13-C-181 |
| Package Identification Code | 92148901125134100000027901 |
| Signature Downloaded | 9/10/2013 6:01:31 AM |
| Defendant Name | Meadwestvaco Corporations |

 **UNITED STATES**
**POSTAL SERVICE**.

Date Produced: 09/09/2013

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901
1251 3410 0000 0279 01. Our records indicate that this item was delivered on
09/05/2013 at 10:42 a.m. in CHARLESTON, WV 25313. The scanned image of the
recipient information is provided below.

A True Copy:
ATTEST:

*Lauronne Arbuckle*
Clerk, Circuit Court
Greenbrier County, WV

By_____
                    Deputy

Signature of Recipient :

Address of Recipient :

5400 0 Brg Tyler rd

Thank you for selecting the Postal Service for your mailing needs.  If you require
additional assistance, please contact your local post office or Postal Service
representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service. It is solely for customer use.

Customer Reference Number: 2790

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

Circuit Court
Greenbrier Co., W. VA.
Filed

2013 SEP -6  AM 11: 52



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
        866-767-8683
Visit us online:
www.wvsos.com

Louvonne Arbuckle
Greenbrier County Courthouse
P. O. Drawer 751
Lewisburg, WV 24901-0751

**A True Copy:**
**ATTEST:**

*Louvonne Arbuckle*
Clerk, Circuit Court
Greenbrier County, WV

By _____
                        Deputy

**Control Number:** 347247

**Defendant:** Meadwestvaco Corporations
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Greenbrier

**Civil Action:** 13-C-181

**Certified Number:** 92148901125134100000027901

**Service Date:** 9/3/2013

I am enclosing:

**1 summons and complaint, 1 interrogatories**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process  in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

STEVE R. MARTIN,
      Plaintiff,

v.                                 Civil Action No: 13·C·181

MEADWESTVACO CORPORATION,
      Defendant.

A True Copy:
ATTEST:

*Louronne Arbuckle*
Clerk, Circuit Court
Greenbrier County, WV

**COMPLAINT**

By_____ Deputy

    (1)  Steve R. Martin, at all times relevant to this Complaint, operated a small logging company d/b/a Martin Logging.  Steve R. Martin was the owner and sole employee and both he and his company are residents of the State of West Virginia.

    (2)  For more than a decade, Steve R. Martin has cut and delivered timber and logs to MeadWestvaco Corporation [Westvaco] at its paper mill plant just across the West Virginia border in Covington, Virginia.

    (3)  Westvaco is a Commonwealth of Virginia corporation with its principal offices in Richmond, Virginia.  Westvaco has physical facilities and business operations in Greenbrier County, West Virginia and regularly contracts with West Virginia loggers for the purposes of cutting and delivering qualifying logs to Westvaco's paper mill operations in Covington, Virginia.

    (4)  Westvaco issues authorization cards to West Virginia loggers and others permitting and allowing West Virginia loggers to enter upon Westvaco's premises in Covington, Virginia for the purposes of delivering timber and logs, cut and processed in the State of West Virginia for delivery to Westvaco's paper mill facilities.

1

(5)   Westvaco has identified a registered agent for service of process in the State of West Virginia, namely, CT Corporation System, 5400-D, Big Tyler Road, Charleston, West Virginia 25313.

(6)   On the night of September 17, 2011, Steve R. Martin delivered a load of logs and timber he had cut that day in Greenbrier County, West Virginia to Westvaco's Covington, Virginia paper mill.

(7)   Steve R. Martin's truck and load were weighed, and a weigh bill issued, and he drove his truck, with its load, to the concrete unloading pad.

(8)   Steve R. Martin parked his vehicle in the designated location and exited his truck.

(9)   Steve R. Martin unchained his load and moved away from his truck, 25-50 feet behind its rear. Steve R. Martin had on all required safety gear, including a hard hat and safety glasses.

(10) Westvaco did not make use of a loader helper. The practice and procedure at this location was that the trucker would assist the loader operator by hand signals for the purposes of having a L-90 Lumberjack Grappler use its grapples to remove the timber and logs from the truck bed and transport the timber and logs to the debarker or to the area where the logs were being stored.

(11) On this occasion, the Lumberjack Grappler operator, when removing the timber and logs from Mr. Martin's truck bed, also grabbed two of the steel standards used to keep the load within the truck bed. Both standards, or stakes, were caught up in the load, by then elevated over the ground.

(12) These metal standards or stakes must be removed from the load before processing at the debarker.

(13) The typical practice and procedure at this facility when steel standards or stakes were entangled in the load was that the load would be held in place, just above the ground, and the truck driver, while the load was being held in place, would remove the metal stakes or standards by hand.

(14) Depending on the location of the metal stakes or standards, the location of the man attempting to free the stakes is not visible to the loader operator.

(15) Steve R. Martin signaled the loader operator that the stakes were caught up in the load.  Steve R. Martin received the verbal assurance from the operator that the load would be stationary and would not be further moved while he attempted to dislodge the metal stakes or standards.

(16) Steve R. Martin was able to remove one of the metal stakes or standards while the load was 3-4 feet off the ground.

(17) The loader operator, before assuring that Steve R. Martin was clear, began to move the load while Steve R. Martin was still in contact with the Grappler and the load, striking him in the head and entrapping his arm and shoulder between the logs.

(18) Steve R. Martin suffered and sustained catastrophic injuries, including a traumatic brain injury; partial traumatic amputation of his ear; permanent hearing loss; cranial nerve damage which affects extremity function and eyesight; and has permanently and totally disabled him from gainful employment for which he is qualified by age, training, experience and education.

## NEGLIGENCE

(19)  Steve R. Martin charges that Westvaco, by and through the actions of its officers, managers and employees, was negligent in the practices and procedures utilized by its

employees in unloading logging and timber trucks at its facilities and that that negligence proximately caused catastrophic injury to Steve R. Martin.

(20) The specific acts of negligence by Westvaco included:

(a)  Occupational Safety and Health Administration Rules and Procedures prohibit an employer from utilizing procedures that permits or allows a person to walk or work underneath a suspended load;

(b)  The employees of Westvaco negligently and carelessly moved a suspended load before assuring that Steve R. Martin was clear of the zone of danger;

(c)  The Lumbarjack Grappler utilized the night of Steve R. Martin's injury was unsafe because of defective brakes that prevented the operator from preventing movement of the loader while the load was suspended above ground and Steve R. Martin was in contact with the load; and

(d)  The absence of a ground helper and the "blind spots" for the loader operator made it impossible and impracticable for the facility to comply with its duty to make sure that everyone is in the clear before moving or grappling a load.

(21) Steve R. Martin invokes the Doctrine of *Respondeat Superior* and charges that all acts of negligence as aforesaid committed by officers, managers and employees of Westvaco are chargeable to it.

(22) As a direct and proximate result of Westvaco's negligence as aforesaid, Steve R. Martin suffered and sustained permanently debilitating injury and harm, including a traumatic brain injury; cranial nerve injuries; a partial traumatic amputation of his ear; permanent hearing loss; permanent vision disturbance; and impaired function of his lower extremities due to nerve injuries.  These severe and permanently debilitating injuries have and will continue to

4

cause Steve R. Martin great pain, suffering, mental anguish and emotional distress; have and will continue to necessitate the expenditure of significant sums of money for his medical care and treatment, such sums already exceeding $400,000.00; have and will continue to cause him to undergo invasive, painful and expensive surgical procedures in the future at a projected cost of $100,000.00; have and will continue to cause him to experience a loss of physical function and loss of enjoyment of his regular and routine recreational and vocational activities; have and will continue to cause him lost earnings and lost wages and has permanently impaired his earnings capacity at a projected cost of greater than one million dollars; and have and will continue to cause him to experience permanent physical impairment as rated by the American Medical Association's *Guide to Permanent Impairment*.

**WHEREFORE,** Steve R. Martin demands a judgment in compensatory damages in an amount that fully and fairly compensates him for all aspects of his injuries, past, present and future; an award of pre-judgment and post-judgment interest on all special damages; statutory attorneys' fees and costs; and such other relief to which he may be entitled.

A JURY TRIAL IS DEMANDED.

**STEVE R. MARTIN**

BY:  WILLS LAW OFFICE
**and**  SANDERS, AUSTIN, FLANIGAN
    & FLANIGAN

MARK E. WILLS, ESQ.
WV STATE BAR ID NO:  4074
1617 North Walker Street
Princeton, WV  24740
(304) 487-6181

5

WILLIAM FLANIGAN, ESQ.
WV STATE BAR ID NO:  1217
320 Courthouse Road
Princeton, WV  24740
(304) 425-7822
*Counsel for Plaintiff*

Circuit Court
Greenbrier Co., W. VA
Filed
2013 AUG 27 PM 1:52

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

STEVE R. MARTIN,
    Plaintiff,

v.                             Civil Action No: 13 - C - 181

MEADWESTVACO CORPORATION,        ( R )
    Defendant.

## INTERROGATORIES

    The plaintiff, Steve R. Martin, requests ANSWERS to the following Interrogatories from the defendant within forty-five (45) days after the service hereof, pursuant to the authority granted under W. Va. R. Civ. P. 33.

## INSTRUCTIONS

    In accordance with the applicable West Virginia Rules of Civil Procedure, the defendant is under a continuing obligation to update and supplement its Answers to these Interrogatories to the extent specified in W. Va. R. Civ. P. 26(e), when and if further information comes into its possession following the submission of its initial Answers. Where these Interrogatories request copies of various contracts, documents, reports, memorandums, photographs or correspondence, please regard that request as being made under the authority of W. Va. R. Civ. P. 34. This method of discovery will serve the dual interests of economy and convenience by dispensing with the need for follow-up requests. All terms used in these Interrogatories should be given their common, everyday meaning in light of the context in which they are used. If a specific Interrogatory is susceptible to more than one meaning, please answer anyway, indicating therein how you interpreted the question.

1

## INTERROGATORIES

(1)  Were there any company-issued safety rules or regulations in force and effect on September 17, 2011 at Meadwestvaco Corporation's Covington, Virginia plant regulating the unloading of timber or logging trucks?  If so, please provide the following:

a.  copies of any and all written safety rules, regulations or standards in force and effect; and

b.  the identify, by name, address and job title, of the Meadwestvaco Corporation employee responsible for ensuring compliance with these safety rules, regulations or standards on September 17, 2011.

(2)  Did Meadwestvaco Corporation have video surveillance cameras operating on September 17, 2011 at its facilities in Covington, Virginia that captured the images of Steve R. Martin, or his truck, at any point in time upon which it entered the premises and property of Meadwestvaco Corporation up to and including the incident in which he received injury?  If so, please provide the following:

a.  a legible copy of any video responsive to this Interrogatory; and

b.  the identity of the custodian of the video by name, address and job title.

(3)   Does Meadwestvaco Corporation utilize any videos, training manuals, written materials, pamphlets and/or brochures to educate and train contractors delivering timber and logs to its facilities regarding company procedures and policies relating to unloading the timber and logs?  If so, please produce a legible copy of all such videos, training manuals, written materials, pamphlets and/or brochures.

(4)   Please identify by name, address and job title each employee of Meadwestvaco Corporation who was present on the night of September 17, 2011 who witnessed or observed any part of the incident in which Steve R. Martin was injured.

(5)   Please identify by name, address and job title the employees of Meadwestvaco Corporation who were operating the loaders and grapplers at the delivery pad on September 17, 2011, including the name, address and job title of the operator manning the machine that was unloading the logs and timber from Steve R. Martin's truck at the time of his injury.

(6)   Please identify by name, address and job title the individual or individuals who hold supervisory roles relating to the safety as of September 17, 2011 at Meadwestvaco Corporation's facilities in Covington, Virginia.

(7)   Was there any physical evidence retained by Meadwestvaco Corporation, or any investigators, insurance adjusters, employees, officers or managers that was gathered and preserved on September 17, 2011 relating to the incident in which Steve R. Martin was injured?  If so, please describe the physical evidence and identify the custodian of the evidence by name, address and job title.

(8)   Identify non-Meadwestvaco Corporation employees who were present and/or observed any part of the incident in which Steve R. Martin was injured by name, address and phone number.

(9)   Were there any written contracts, memorandums, letters of understanding and/or agreements in force and effect between Meadwestvaco Corporation and Steve R. Martin d/b/a Martin Logging on September 17, 2011?   If so, please produce a legible copy of all such contracts, memorandums, letters of understanding and/or agreements.

(10) Has Meadwestvaco Corporation changed, altered or modified any of its unloading practices or procedures at its Covington, Virginia facilities following the injuries to Steve R. Martin?   If so, please produce a legible copy of any such policies, procedures, amendments, modifications and/or alterations.

(11) Does Meadwestvaco Corporation issue Identification Cards, Authorization Cards or some other method of identification that permits ingress and egress to its facilities in Covington, Virginia for the purposes of delivering logs and timber?   If so, please produce a legible copy of any such documents that pertain to Steve R. Martin d/b/a Martin Logging.

(12) Were there any photographs or videos made of the scene of Steve R. Martin's injury on September 17, 2011 by Meadwestvaco Corporation, its officers, employees, agents, representatives, investigators and/or insurers?  If so, please produce a legible copy of all such photographs and videos.

(13) With respect to the Lumberjack/Loader/Grappler being used by the operator at the time of Steve R. Martin's injury, please provide the following:

    a.  maintenance records from May 1, 2011 through December 31, 2011;

    b.  daily operator inspection reports from May 1, 2011 through December 31, 2011; and

    c.  copies of any invoices, work sheets, computer file entries, emails and/or text messages that pertain to repairs, inspections or parts ordered for this machine from May 1, 2011 through December 31, 2011.

(14) Were there any statements attributable to Steve R. Martin at the scene taken by Meadwestvaco Corporation, its officers, employees, agents, representatives, investigators and/or insuers?  If so, please provide a summary of any such oral statement and a copy of any such written statement.

(15) Was Meadwestvaco Corporation covered by a liability insurance policy or policies protecting it against claims made by third parties injured on their premises in force and effect as of September 17, 2011?   If so, identify the insurance carrier or carriers by name and address; produce a legible copy of the Declaration Page of all such policies; and specify the liability limits available under each such Policy.

(16)   Please produce a legible copy of OSHA's Form 300, Log of Worker Related Injuries and Illnesses, for Meadwestvaco Corporation's Covington, Virginia operations for the reporting years of 2010, 2011 and 2012.

(17) Please produce a legible copy of OSHA's Form 300A, Injury and Illness Incident Report, for Meadwestvaco Corporation's Covington, Virginia operations for the reporting years of 2010, 2011 and 2012.

**STEVE R. MARTIN**

BY:  WILLS LAW OFFICE
**and**  SANDERS, AUSTIN, FLANIGAN
      & FLANIGAN

*Mark E. Wills*
_____
MARK E. WILLS, ESQ.
WV STATE BAR ID NO:  4074
1617 North Walker Street
Princeton, WV  24740
(304) 487-6181
WILLIAM FLANIGAN, ESQ.
WV STATE BAR ID NO:  1217
320 Courthouse Road
Princeton, WV  24740
(304) 425-7822
*Counsel for Plaintiff*

8

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

Circuit Court
Greenbrier Co., W. VA.
2013 AUG 27 PM 1:51

STEVE R. MARTIN,
     Plaintiff,

v.
                               Civil Action No:  13-C-181

MEADWESTVACO CORPORATION,
     Defendant.

## MEMORANDUM TO THE CLERK

The Clerk will please institute this action, which is a suit seeking compensatory damages, and issue a Summons and Complaint in the name ofMeadwestvaco Corporation, whose principal place of business is Richmond, Virginia.  The Summons, Complaint and attached Interrogatories should be transmitted to the Secretary of State of the State of West Virginia for service upon this defendant in accordance with West Virginia's Long Arm statute at its registered agent for service, namely,**Meadwestvaco Corporation, c/o CT Corporation System, 5400-D Big Tyler Road, Charleston, West Virginia 25313.**  The Summons should notify Meadwestvaco that it has thirty [30] days within which to answer the Complaint or relief by default judgment will be taken against it.

We have enclosed the required Civil Case Information Sheet, together with a check in the amount of $155.00 to cover the institution fee; a check in the amount of $20.00 to cover the Secretary of State's service fee; and a check in the amount of $5.00 to cover the Clerk's mailing of the documents to the Secretary of State for service.

Your cooperation and assistance is greatly appreciated.

Respectfully submitted this the 27th day of August, 2013.

1

WILLS LAW OFFICE
**and**
SANDERS, AUSTIN, FLANIGAN
& FLANIGAN

_____
MARK E. WILLS, ESQ.
WV STATE BAR ID NO: 4074
1617 North Walker Street
Princeton, WV 24740
(304) 487-6181
WILLIAM FLANIGAN, ESQ.
WV STATE BAR ID NO: 1217
320 Courthouse Road
Princeton, WV 24740
(304) 425-7822
*Counsel for Plaintiff*

2

## CIVIL CASE INFORMATION STATEMENT---CIVIL CASES
### In the Circuit Court, Greenbrier County, West Virginia

I.   CASE STYLE:
PLAINTIFF(S):
STEVE R. MARTIN
c/o Mark E. Wills, Esq.
1617 North Walker Street
Princeton, WV 24740

Civil Action No: _____
Judge: _____

v.

DEFENDANT(S):
Meadwestvaco Corporation
c/o CT Corporation System
5400-D Big Tyler Road
Charleston, West Virginia 25313

Days to Answer        Type of Service
30            Secretary of State

II.  TYPE OF CASE:
<u>TORTS</u>        <u>OTHER CIVIL</u>
Personal Injury

III. JURY DEMAND:   __X__Yes    ____No
Case Will Be Ready For Trial By (Month/Year):  __06/14__

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE
SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE:
____  Yes  __X__  No      If YES, please specify:
____  Wheelchair accessible hearing room and other facilities
____  Interpreter or other auxiliary aid for the hearing impaired
____  Reader or other auxiliary aid for the visually impaired
____  Spokesperson or other auxiliary aid for the speech impaired
____  Other: _____

MARK E. WILLS, ESQ. (#4074)
c/o Wills Law Office
1617 North Walker Street
Princeton, West Virginia 24740
(304) 487-6181
Dated: August 26, 2013

Representing:  __X__ Plaintiff(s)  ____ Defendant(s)

____ Cross-Complaint
____ Cross-Defendant

*Mark E. Wills*
Signature

## SUMMONS

### Circuit Court of Greenbrier County, West Virginia

STEVE R. MARTIN,

Plaintiff,

v.                                                    Civil Action No: _____

MEADWESTVACO CORPORATION,

Defendant.

To the above-named Defendant(s):  **MEADWESTVACO CORPORATION**
**c/o CT Corporation System**
**5400-D Big Tyler Road**
**Charleston, West Virginia  25313**

      **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon SANDERS, AUSTIN, FLANIGAN & FLANIGAN, plaintiff's attorney, whose address is 320 Courthouse Road, Princeton, West Virginia 24740, an Answer, including any related counterclaim you may have, to the COMPLAINT filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your Answer within **30 days** after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.  Answers to the attached Interrogatories are due within forty-five [45] days of the date of service upon you.

DATED: _Mark E. Wills_
MARK E. WILLS, ESQ. (WV Bar #4074)
c/o WILLS LAW OFFICE
1617 North Walker Street
Princeton, West Virginia  24740
(304) 487-6181
ATTORNEYS FOR PLAINTIFF(S)

_____
Clerk of the Circuit Court of
Greenbrier County, WV

BY:_____
      Deputy

OFFICE OF THE CIRCUIT CLERK                          Receipt #:   56114
GREENBRIER
200 NORTH COURT STREET
LEWISBURG                                  Date Received: 08/29/13

Received From: MARK WILLS LAW FIRM                          160.00


                                    STEVE R. MARTIN
                  Style of Case              vs.
                               MEADWESTVACO CORPORATION

                                     Case #:   13-C-181


In Payment of FILING FEES
By Check        9039 & 9041

                                  LOUVONNE ARBUCKLE
                         Clerk of the Circuit Court

                     By _____

# EXHIBIT 3

WV SOS - Business & Licensing - Corporations Search                                    Page 1 of 4

# West Virginia Secretary of State — Online Data Services

## Business & Licensing
Online Data Services Help

## Business Organization Detail

*NOTICE: The West Virginia Secretary of State's Office makes every reasonable effort to ensure the accuracy of information. However, we make no representation or warranty as to the correctness or completeness of the information. If information is missing from this page, it is not in the The West Virginia Secretary of State's database.*

## MEADWESTVACO CORPORATION

### Organization Information

| Org Type | Effective Date | Filing Date | Charter | Class | Sec Type | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|---|
| C | Corporation | 1/17/2002 | 1/17/2002 | Foreign | Profit | | | |

### Organization Information

| | | | |
|---|---|---|---|
| **Business Purpose** | | **Capital Stock** | |
| **Charter County** | | **Control Number** | 45267 |
| **Charter State** | DE | **Excess Acres** | |
| **At Will Term** | | **Member Managed** | |
| **At Will Term Years** | | **Par Value** | |
| **Authorized Shares** | 0 | | |

WV SOS - Business & Licensing - Corporations Search

## Addresses

| Type | Address |
|---|---|
| **Mailing Address** | ADELE LASCO % MEADWESTVACO<br>299 PARK AVENUE<br>NEW YORK, NY, 10171<br>USA |
| **Notice of Process Address** | CT CORPORATION SYSTEM<br>5400 D BIG TYLER ROAD<br>CHARLESTON, WV, 25313 |
| **Principal Office Address** | 501 SOUTH 5TH STREET<br>RICHMOND, VA, 23219<br>USA |
| **Type** | **Address** |

## Officers

| Type | Name/Address |
|---|---|
| **Director** | MICHAEL E. CAMPBELL<br>ARCH CHEMICALS INC.<br>501 MERRITT 7<br>NORWALK, CT, 06856 |
| **Director** | DR. THOMAS W. COLE JR (ALSO 10 OTHERS)<br>4825 REGENCY TRACE SW<br>ATLANTA, GA, 30331 |
| **President** | JAMES ALLEN BUZZARD<br>11013 WEST BROAD STREET<br>GLEN ALLEN, VA, 23060 |
| **Secretary** | WENDELL LEWIS WILLKIE II<br>FIVE HIGH RIDGE PARK<br>STAMFORD, CT, 06905 |
| **Treasurer** | ROBERT BIRKENHOLZ<br>FIVE HIGH RIDGE PARK<br>STAMFORD, CT, 06905 |
| **Vice-President** | E. MARK RAJKOWSKI (ALSO 5 OTHERS)<br>FIVE HIGH RIDGE PARK<br>STAMFORD, CT, 06905 |
| **Type** | **Name/Address** |

## Name Changes

| Date | Old Name |
|---|---|

WV SOS - Business & Licensing - Corporations Search

| Date | Old Name |
|---|---|
| 2/19/2002 | MW HOLDING CORPORATION |

## Mergers

| Merger Date | Merged | Merged State | Survived | Survived State |
|---|---|---|---|---|
| 1/16/2003 | WESTVACO CORPORATION | DE | MEADWESTVACO CORPORATION | DE |
| Merger Date | Merged | Merged State | Survived | Survived State |

## Subsidiaries

| Name | Address |
|---|---|
| | MEADWESTVACO MARYLAND, INC |
| | THE MEAD CORPORATION COURTHOUSE PLAZA NE DAYTON, OH, 45463 USA |
| | UPLAND RESOURCES, INC |
| | WEST VIRGINIA PULP AND PAPER CORP |
| | WESTVACO CORPORATION COURTHOUSE PLAZA, NE DAYTON, OH, 45463 USA |
| Name | Address |

| Date | Amendment |
|---|---|
| 1/16/2003 | MERGER: MERGING WESTVACO CORPORATION, A QUALIFIED DE CORPORATION WITH AND INTO MEADWESTVACO CORPORATION, A QUALIFIED DE CORPORATION, THE SURVIVOR |
| 2/19/2002 | NAME CHANGE: FROM MW HOLDING CORPORATION |
| Date | Amendment |

WV SOS - Business & Licensing - Corporations Search

## Annual Reports

| Date | Filed For |
|------|-----------|
| 1/10/2013 | 2014 |
| 6/19/2012 | 2013 |
| 4/28/2011 | 2012 |
| 5/5/2010 | 2011 |
| 5/14/2009 | 2010 |
| 7/11/2008 | 2009 |
| 11/7/2007 | 2008 |
| 3/21/2007 | 2007 |
| 12/12/2005 | 2006 |
| 5/2/2005 | 2005 |
| 4/9/2004 | 2004 |
| 3/19/2003 | 2003 |
| Date | Filed For |

## Images

| View | Name | Date Added | Date Effective | Type |
|------|------|-----------|----------------|------|
| View | MEADWESTVACO CORPORATION | 3/7/2002 | 1/17/2002 | N - Name Change |
| View | MW HOLDING CORPORATION | 1/21/2002 | 1/17/2002 | S - Company Formation |
| View | Name | Date Added | Date Effective | Type |

Printed from West Virginia Secretary of State Online Data Services web site:
http://apps.sos.wv.gov

Thursday, October 03, 2013 — 7:53 AM

© 2013 State of West Virginia